**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118794

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Johanne Joseph, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Leisa Korn, Matt Korn, Account Control Technology, Inc. and Core Recoveries, LLC, | |
| Defendants. | |

Johanne Joseph, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Leisa Korn, Matt Korn, Account Control Technology, Inc. and Core Recoveries, LLC(hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Johanne Joseph is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Core Recoveries, LLC, is a Kentucky Limited Liability Company with a principal place of business in Jefferson County, Kentucky.

9. Defendant Core Recoveries, LLC regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant Core Recoveries, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant Core Recoveries, LLC's business is the collection of such debts.

12. Defendant Core Recoveries, LLC uses the mails in its debt collection business.

13. Defendant Core Recoveries, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. On information and belief, Defendant Account Control Technology, Inc., is a California Corporation with a principal place of business in Los Angeles County, California.

15. Defendant Account Control Technology, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

16. Defendant Account Control Technology, Inc. regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17. The principal purpose of Defendant Account Control Technology, Inc.'s business is the collection of such debts.

18. Defendant Account Control Technology, Inc. uses the mails in its debt collection business.

19. Defendant Account Control Technology, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. On information and belief, Defendant Matt Korn, is a Kentucky resident and the Chief Executive Officer of Defendant Core Recoveries, LLC.

21. Defendant Matt Korn is responsible for day-to-day governance and strategic activities of Defendant Core Recoveries, LLC.

22. Defendant Matt Korn oversees the finance, accounting, state licensing, data analytics, operations and marketing of Defendant Core Recoveries, LLC.

23. Defendant Matt Korn regularly collects or attempts to collect debts asserted to be owed to others.

24. Defendant Matt Korn is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

25. Defendant Matt Korn uses the mails in his debt collection business.

26. Defendant Matt Korn is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. On information and belief, Defendant Leisa Korn, is a Kentucky resident and the President, majority owner and Board Chairperson of Defendant Core Recoveries, LLC.

28. Defendant Leisa Korn has primary responsibility for all departments, functions and activities at Defendant Core Recoveries, LLC.

29. Defendant Leisa Korn is in charge of operations, technology, human resources, compliance, finance, accounting and administration at Defendant Core Recoveries, LLC.

30. Defendant Leisa Korn regularly collects or attempts to collect debts asserted to be owed to others.

31. Defendant Leisa Korn is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

32. Defendant Leisa Korn uses the mails in her debt collection business.

33. Defendant Leisa Korn is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

34. Defendants allege Plaintiff owes a debt ("the alleged Debt").

35. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a student loan.

3

36. The alleged Debt does not arise from any business enterprise of Plaintiff.

37. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendant Account Control Technology, Inc. for collection.

39. At the time the alleged Debt was assigned or otherwise transferred to Account Control Technology, Inc. for collection, the alleged Debt was in default.

40. At an exact time known only to Defendants, Account Control Technology, Inc., assigned or otherwise transferred by Defendant Account Control Technology, Inc. to Defendants Core Recoveries, LLC, Leisa Korn and Matt Korn for collection.

41. At the time the alleged Debt was assigned or otherwise transferred to Defendants Core Recoveries, LLC, Leisa Korn and Matt Korn for collection, the alleged Debt was in default.

42. In their efforts to collect the debt, Defendants Core Recoveries, LLC, Leisa Korn and Matt Korn contacted Plaintiff by letter ("the Letter") dated December 2, 2019. ("**Exhibit 1.**")

43. The Letter was the initial communication Plaintiff received from Defendants.

44. The Letter conveyed information regarding the alleged Debt.

45. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. The Letter was received and read by Plaintiff.

47. The FDCPA protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

48. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

50. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

51. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. The Letter states, "Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired."

53. The Letter additionally states, "Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

54. The statute of limitations for alleged Debt had not expired at the time of the Letter to Plaintiff.

55. The Letter's statement that the legal time limit for suing you to collect the debt has expired is false.

56. The Letter's statement that Plaintiff, if sued, may be able to prevent the creditor from obtaining judgment by way of informing that Court that the statute of limitations had expired, is false.

57. Whether a consumer may be sued in connection with the collection of a debt is a material piece of information to a consumer.

58. The least sophisticated consumer, upon being presented with the above-described statements, would likely be misled into believing she is not at risk of being sued in connection with collection of the alleged Debt.

59. The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the alleged Debt, would likely opt to pay another debt she believes is not time-barred.

60. The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the alleged Debt, would be strongly disinclined from taking any action whatsoever in response to the Letters.

61. The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the alleged Debt, would likely believe that such inaction is in her best interest when, in fact, such inaction would only increase her risk of being sued in connection with collection of the alleged Debt.

62. The above-described statements are false representations made in connection with the collection of any debt, as proscribed by 15 U.S.C. § 1692e.

63. The above-described statements are deceptive representations made in connection with the collection of any debt, as proscribed by 15 U.S.C. § 1692e.

64. The above-described statements are misleading representations made in connection with the collection of any debt, as proscribed by 15 U.S.C. § 1692e.

65. The above-described statements are deceptive means used in connection with the collection of any debt, as proscribed by 15 U.S.C. § 1692e.

66. The above-described statements are false representations of the character of any debt, as proscribed by 15 U.S.C. § 1692e(2)(A).

67. The above-described statements are false representations of the legal status of any debt, as proscribed by 15 U.S.C. § 1692e(2)(A).

68. The above-described statements are the use of a false representation made in an attempt to collect any debt, as proscribed by 15 U.S.C. § 1692e(10).

69. The above-described statements are the use of a deceptive means in an attempt to collect any debt, as proscribed by 15 U.S.C. § 1692e(10).

70. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

71. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

72. Plaintiff seeks to certify a class of:

> ii. All consumers to whom Defendant sent a collection letter that stated or implied that the statute of limitations on the Debt had run, when it had not, which letter was sent on or after a date one year prior to the filing of this action to the present.

73. This action seeks a finding that Defendant's conduct violates the FDCPA, and

asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

74. The Class consists of more than thirty-five persons.

75. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

77. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

7

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: December 20, 2019

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118794

