UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOHANNE JOSEPH,                                 :
                                                :
                  Plaintiff,         :       REPORT &
                                                :       RECOMMENDATION
   -against-                                   :       19-CV-7147 (EK) (SMG)
                                                :
LEISA KORN, MATT KORN, ACCOUNT CONTROL          :
TECHNOLOGY, INC., and CORE RECOVERIES, LLC,     :
                                                :
                  Defendants.        :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

      Plaintiff brings this case pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* Compl. ¶ 1, Dkt. 1. On July 28, 2020, plaintiff accepted defendants' offer of judgment with attorneys' fees to be set by the Court. Dkt. 26; Pl.'s Mem. at 2, Dkt. 28-4. The Court now considers plaintiff's motion for attorneys' fees, Dkt. 28, which the Honorable Eric R. Komittee referred to me for Report and Recommendation by Order dated Sept. 8, 2020. For the reasons stated below, I respectfully recommend that plaintiff's motion for attorneys' fees be denied in its entirety.

      Pursuant to Local Rule 54.1(c)(7) and Federal Rule of Civil Procedure 54(d)(2)(B)(i), a claim for attorneys' fees must "be filed no later than 14 days after the entry of judgment." "[A] party's failure to file a motion for attorney's fees in a timely manner may be excused [only] upon a showing of 'excusable neglect.'" *Bartels v. Inc. Vill. of Lloyd Harbor*, 2015 WL 4459403, at *1 (E.D.N.Y. July 21, 2015); *Lovejoy v. Gure-Perez*, 2014 WL 2459656, at *7 (E.D.N.Y. May 21, 2014); *Slader v. Pearle Vision Inc.*, 199 F.R.D. 125, 126 (S.D.N.Y. 2001) ("Given the normal American presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14-day limit for seeking attorneys' fees

should not be lightly disturbed, and defendant[-movant] has offered no good reason why it should not be enforced here.").

Here, the Clerk entered the judgment on July 30, 2020, Dkt. 27, but plaintiff did not file her motion for attorneys' fees until August 28, 2020, nearly a full month after judgment was entered, Dkt. 28. Following the entry of judgment, defendants apparently attempted to reach plaintiff's counsel to discuss fees but never received a response or any other communication in return. Decl. of Brendan Little ¶¶ 4–5, Dkt. 29-1. Defendants now argue that plaintiff's motion should be denied because it is untimely. See Defs.' Mem. at 1–3, Dkt. 29.

Plaintiff acknowledges that her fee application was submitted 15 days late but insists that the untimely filing was the result of "excusable neglect." See Pl.'s Reply at 2–3, Dkt. 30. Plaintiff argues further that any resulting delay was harmless: it neither prejudiced the defendants, impacted the litigation, nor resulted from bad faith. *Id.* at 3. The only excuse plaintiff's counsel offers as "the reason for the delay" is that the late filing resulted from a calendaring error by a paralegal who consulted the wrong rule; the paralegal, plaintiff's counsel reports, has since been terminated. *Id.*

Plaintiff has failed to demonstrate excusable neglect. Plaintiff's counsel offers no explanation of how the filing deadline was missed other than that the responsibility for meeting it was assigned to a paralegal who made a mistake. Nor does plaintiff's counsel rebut the contention that defendants' counsel attempted to reach him to negotiate a fee but that plaintiff's counsel failed to respond. Absent a demonstration of excusable neglect, plaintiff's arguments about the brevity of the delay and lack of prejudice are insufficient to overcome the untimeliness of the motion. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) ("Absent a

sufficient reason for its delay, the fact that the delay and prejudice were minimal would not excuse [movant's] mere inadvertence.").

In attempting to explain his late filing, plaintiff's counsel not only fails to take responsibility for error, but essentially admits to a failure to supervise the assigned paralegal properly.  Meeting deadlines imposed by Federal and Local Rules is the responsibility of counsel, not paraprofessionals.  Even so, counsel apparently found the paralegal's failure to file in a timely manner inexcusable, in that it led counsel to terminate the paralegal's employment.  This Court does not see why it should find the late filing excusable when plaintiff's counsel did not.  Accordingly, I respectfully recommend denying plaintiff's motion for attorneys' fees as untimely.

Objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than December 2, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 18, 2020

*U:\#ECC 2019-2020\19-cv-7147 Joseph v. Korn\19-7147 Joseph v. Korn Att'y Fees Order FINAL.docx*