```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
JOHANNE JOSEPH,

                    Plaintiff,            MEMORANDUM & ORDER
                                          19-CV-7147(EK)(SMG)
        -against-

LEISA KORN, MATT KORN, ACCOUNT
CONTROL TECHNOLOGY INC., and CORE
RECOVERIES, LLC,

                    Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Johanne Joseph brought this action under the Fair Debt Collection Practices Act ("FDCPA") against two debt-collection entities and their executives. The parties settled the case in July 2020. After the Court entered judgment, Plaintiff filed an untimely motion for attorneys' fees. Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's motion because she failed to establish that the delay resulted from "excusable neglect." Plaintiff objects. For the reasons stated below, this Court adopts Judge Gold's R&R in its entirety.

**I.   Background**

On July 28, 2020, Plaintiff accepted Defendants' Offer of Judgment, which settled the action. ECF No. 26. The Offer

1

of Judgment provided for "reasonable attorneys' fees . . . to be determined by agreement of the parties and, if the parties cannot agree, by the Court upon Motion of the Plaintiff." *Id.* at 1. The Court entered judgment on July 30. ECF No. 27. Plaintiff moved for attorneys' fees on August 28, twenty-nine days later. ECF No. 28.

Defendants opposed the motion on the grounds that it was untimely (among other things). ECF No. 29. They argued that Plaintiff filed the motion fifteen days after the deadline set by Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure, which requires that motions for attorneys' fees "be filed no later than 14 days of the entry of judgment." ECF No. 29 at 1-3.[1]

In reply, Plaintiff argued that the court should forgive the delay because it resulted from "excusable neglect." She explained that the delay resulted from a "calendaring error" by a former paralegal who mistakenly "calendared it for 30 days pursuant to [E.D.N.Y. Local Rule 54.1][2]" rather than fourteen

---

[1] Defendants also noted that Plaintiff ignored their offer to discuss fees and instead proceeded directly to motion practice, ECF No. 29 at 2-3; Little Decl. ¶¶ 4-5, ECF No. 29-1, which violated the terms of the Offer of Judgment, *see* ECF No. 26 at 1 (requiring payment of fees "to be determined by the parties," followed by court intervention in the event of an impasse).

[2] *See* E.D.N.Y. Local R. 54.1(a) (parties must move to recover "taxable costs" "[w]ithin thirty (30) days after the entry of final judgment); *id.* at 54.1(c)(7) ("Attorney fees . . . are not taxable . . . . A motion for

2

days after entry of judgment.  ECF No. 30 at 3.  Plaintiff's counsel reports that he fired the paralegal in response to this mistake, leading Judge Gold to query "why [he] should find the late filing excusable when plaintiff's counsel did not."  ECF No. 31 at 3.

## II.  Standard

In reviewing an R&R, district courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party objects to the R&R's findings, as Plaintiff did here, the court must review the contested aspects of the R&R *de novo*.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).  Although "[o]bjections that reiterate arguments considered and rejected by the magistrate are reviewed for clear error," *Cruz v. Colvin*, No. 13-CV-1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014), in an abundance of caution, this Court reviews Plaintiff's arguments *de novo*, *see e.g.*, *Parker v. Comm'r of*

---

attorney fees and related nontaxable expenses shall be made within the time period prescribed by Fed. R. Civ. P. 54.").

*Soc. Sec'y Admin.*, No. 18-CV-3814, 2019 WL 4386050, at *6 (Sept. 13, 2019).

### III. Analysis

Judge Gold deemed Plaintiff's motion untimely.  In doing so, he refused to retroactively extend the Rule 54(d) deadline.  The question here is whether that refusal was appropriate.

To obtain a retroactive extension of the rule 54(d) deadline, a plaintiff must establish that her "failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b)(2); *see also Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227-29 (2d Cir. 2004) (district courts must "find 'excusable neglect' under Rule 6(b)(2) [of the Federal Rules of Civil Procedure] to extend the time to move for attorneys' fees after the expiration of Rule 54's fourteen-day deadline").  "To determine whether a party's neglect is excusable, a district court should take into account: [1] the danger of prejudice to the opposing party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Tancredi*, 378 F.3d at 228 (cleaned up).

When evaluating claims of excusable neglect, district courts should "focus[] on . . . the reason for the delay."

4

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365 (2d Cir. 2003). Courts in the Second Circuit take "a hard line" in this regard. *See id.* at 367-68) (reversing finding of excusable neglect where party relied on opposing counsel's erroneous calculation of the deadline). Where the relevant timing rule "is entirely clear," courts should "expect that a party claiming excusable neglect will, in the ordinary course, lose." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (explaining that the mere "possibility that a court may properly find excusable neglect [where it consists of inadvertence, ignorance of the rules, or mistakes construing the rules does not] alter[] the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect").

Judge Gold concluded that Plaintiff's proffered basis for delay — a "miscalendaring" error by a paralegal — does not constitute "excusable neglect," regardless of the other *Tancredi* factors. ECF No. 31 at 2-3. Plaintiff argues that this was erroneous for three reasons: first, the miscalendaring mistake is an adequate justification; second, Judge Gold failed to consider the three other *Tancredi* factors; and third, Judge Gold improperly relied on cases involving statutes that do not contain fee-shifting provisions. Each of these arguments fails.

5

First, the Second Circuit has held explicitly that a "law office calendaring error . . . does not constitute excusable neglect."  *Shorette v. Harrington*, 234 F. App'x 3, 5 (2d Cir. 2007); *see also In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (same); *S&R Dev. Estates LLC v. Town of Greenburgh*, No. 16-CV-8043, 2017 WL 44854, at *3 (S.D.N.Y. Jan. 4, 2017) (same); *Hernandez v. Goord*, No. 01-CV-9585, 2014 WL 4058662, at *8-*9 (S.D.N.Y. Aug. 14, 2014) (same); *Shervington v. Vill. of Piermont*, 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010) (same); *Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002) (rejecting claim of excusable neglect where plaintiff "overlooked" or "forgot[] about" the fourteen-day deadline under Rule 54(d)).  Moreover, courts in this Circuit have rejected claims of excusable neglect where, as here, plaintiffs expressed confusion about the effect of Local Rule 54.1, *see Roberts v. Markey*, No. 04-CV-7671, 2006 WL 3068675, at *1-*2 (S.D.N.Y. Oct. 27, 2006) (plaintiff argued motion was timely under Local Rule 54.1), or blamed office staff for the error, *see United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (rejecting claim of excusable delay based on "poorly supervised assistant's ignorance of the deadline"); *Friedman v. State Univ. of N.Y.*, No. 3:06-CV-0399, 2006 WL 2882980, at *4 (N.D.N.Y. Oct. 5, 2006) (same, for paralegal).

6

Second, because this calendaring error was not an adequate excuse, there was no need to consider the other three *Tancredi* factors. As Judge Gold stated in his R&R, *Tancredi* itself holds that "[a]bsent a sufficient reason for the delay, the fact that the delay and prejudice were minimal" does not excuse "mere inadvertence" on the part of counsel. 378 F.3d at 228; *see also Silivanch*, 333 F.3d at 366 (acknowledging that most *Tancredi* factors will typically favor the plaintiff, but that the reason for delay is most important and may be dispositive).

Lastly, Plaintiff objects to Judge Gold's reliance on non-FDCPA cases, where fee-shifting is discretionary, not mandatory. But the challenged reference in the R&R is just one parenthetical mentioning the general presumption against fee-shifting,[3] along with its citation to two other cases that happened to involve Section 1983 claims (for which fee-shifting is discretionary). There is no indication that Judge Gold misunderstood the FDCPA fee-shifting context. Even if he did, Plaintiff offers no support for the proposition that a different standard applies to claims under fee-shifting statutes, and this

---

[3] ECF No. 32 at 1-2 (citing *Slader v. Pearle Vision Inc.*, 199 F.R.D. 125, 126 (S.D.N.Y. 2001) ("Given the normal American presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed, and defendant[-movant] has offered no good reason why it should not be enforced here." (citing no cases)).

7

Court is aware of none. *Tancredi*, which sets forth the four-factor excusable-neglect text in the context of fees motions, nowhere mentions this fee-shifting consideration, and courts in this District have rejected untimely motions under fee-shifting statutes without suggesting a different standard applies. *See, e.g.*, *Jalal v. Shanahan*, No. 16-CV-0281, 2018 WL 10466837, at *8 (E.D.N.Y. May 10, 2018) (denying untimely motion for attorney's fees under the Fair Housing Act because the court perceived "no obvious excusable neglect") (citing *Tancredi*, 378 F.3d 220).

### IV. Conclusion

Finding no error, the Court adopts Judge Gold's Report and Recommendation in its entirety, except for the reference to the "normal American presumption against the shifting of attorneys' fees" on page one of the R&R. Plaintiff's motion for attorneys' fees is denied as untimely.

SO ORDERED.

                                         s/Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:     March 9, 2021
             Brooklyn, New York